UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>      Plaintiff,<br><br>   v.<br><br>SEVDA INC.,<br><br>      Defendant. | Case No. 21-cv-04703-JSC<br><br>**ORDER RE: MOTION TO SET ASIDE DEFAULT**<br><br>Re: Dkt. No. 48 |

Plaintiff filed this disability access action on June 21, 2021. (Dkt. No. 1.) After a series of orders to show cause to Defendant to which no response was received, the Court issued an order striking Defendant's answer. (Dkt. Nos. 32, 35, 38.) Plaintiff thereafter moved for default and the Clerk entered Defendant's default on August 1, 2022. (Dkt. No. 44.) The following day, Defendant filed a "motion for reconsideration," which the Court denied as procedurally improper given that the Clerk had entered Defendant's default. (Dkt. No. 47.) Defendant then filed a motion to set aside default under Federal Rule of Civil Procedure 55(c). (Dkt. No. 48.) Defendant contends that there is good cause to set aside default because counsel was sick and not aware of the order to show cause hearings. (Dkt. No. 48 at 2.) Plaintiff does not oppose the motion to set aside default. (Dkt. No. 51.) Given Plaintiff's non-opposition and in light of the circumstances presented in Defendant's motion, the Court finds that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS the motion to set aside default.

## DISCUSSION

A district court may set aside the entry of default upon a showing of "good cause." Fed. R. Civ. P. 55(c). "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise*

*Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). "To determine 'good cause,' a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether [setting aside the default] judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotation marks, citation, and alterations omitted). When considering whether to set aside default, a court must bear in mind that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091 (internal quotation marks and citation omitted); *see also Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). In addition, any doubt about the cause of default should be resolved in favor of the motion to set aside the default so that the case may be decided on its merits. *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994).

In this case, defense counsel attests that his office has been closed twice in the last several months as a result of COVID and that he himself "was infected with Covid [sic] multiple times which spread to [his] employees." (Dkt. No. 48 at ¶¶ 4-5.) Counsel attests that during this time his temporary staff "failed to keep me informed with appearances." (*Id.* at ¶ 4.) Given counsel's representations and the absence of any claim of prejudice by Plaintiff, the Court finds that there is good cause to set aside Defendant's default.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to set aside default. (Dkt. No. 48.)

**The parties shall meet and confer, and on or before September 9, 2022, the parties shall file a joint statement indicating the date that they have selected for the GO 56 settlement conference. Defense counsel shall serve a copy of this order on his client and file proof of service of the same by September 2, 2022.**

//
//
//

**If Defendant fails to comply with this Order, the Court will consider whether sanctions are appropriate for continued failure to comply with Court orders.**

**IT IS SO ORDERED.**

Dated:  August 30, 2022

*Jacqueline Scott Corley*
_____
JACQUELINE SCOTT CORLEY
United States District Judge